NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 16 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-50348 |
| Plaintiff-Appellee, | D.C. No. 3:16-cr-00234-LAB-1 |
| v. | |
| DEMETRIO CISNEROS, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted July 11, 2018**
Pasadena, California

Before: FISHER,*** WATFORD, and FRIEDLAND, Circuit Judges.

Demetrio Cisneros appeals his jury conviction for importing

methamphetamine in violation of 21 U.S.C. §§ 952 and 960. He alleges that the

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable D. Michael Fisher, United States Circuit Judge for the U.S. Court of Appeals for the Third Circuit, sitting by designation.

District Court committed two principal errors: first, by instructing the jury that he was required to know that the substance in his car was "methamphetamine or some other prohibited drug," as opposed to the defense-requested instruction "methamphetamine or some other substance listed on the federal drug schedules;"[1] and second, in giving a deliberate ignorance instruction. We have jurisdiction pursuant to 28 U.S.C. § 1291 and will affirm.

We review the substance of jury instructions *de novo* and their formulation for an abuse of discretion, inquiring whether, as a whole, they are "misleading or inadequate to guide the jury's deliberation." *United States v. Hofus*, 598 F.3d 1171, 1174 (9th Cir. 2010) (quoting *United States v. Frega*, 179 F.3d 793, 806 n.16 (9th Cir. 1999)). In the context of this case, "prohibited drug" and "substance listed on the federal drug schedules" were functionally synonymous. Moreover, this case dealt only with methamphetamine—a paradigmatic controlled substance—so there is no reasonable chance that the jury was in any way misled by the District Court's wording. Cisneros's reliance on *McFadden v. United States*, 135 S. Ct. 2298 (2015), is misplaced. *McFadden* could be relevant if, for instance, Cisneros had claimed he did not know that the substance was on a federal drug schedule. *See id.* at 2304. But Cisneros contended instead that he did not know his car contained *any* drugs.

---

[1] The "some other prohibited drug" language comes from the Ninth Circuit Model Criminal Jury Instructions 9.32 (2010 ed.).

The decision to give a deliberate ignorance or willful blindness instruction is left to the District Court's discretion, and is appropriate if—viewing the evidence in the Government's favor—a jury "could rationally find willful blindness." *United States v. Heredia*, 483 F.3d 913, 922 (9th Cir. 2007) (en banc). This requires both a subjective awareness of a high probability that a particular fact exists and "deliberate actions taken to avoid learning the truth." *United States v. Yi*, 704 F.3d 800, 804–05 (9th Cir. 2013). Cisneros admitted that "of course" he suspected he was transporting drugs, so the first prong was met. The evidence also amply supported the second prong because a jury could have rationally found that Cisneros's decision to have his vehicle modified for smuggling without asking what was being smuggled was precisely the kind of "deliberate action" at which the instruction is directed. *United States v. Ramos-Atondo*, 732 F.3d 1113, 1119 (9th Cir. 2013).

Because both of the challenged instructions were appropriate, the District Court did not err in allowing argument consistent with them, nor in prohibiting arguments in contravention thereof.

**AFFIRMED.**